UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSETTE OLIVER, KEONA MONTGOMERY, and TARYN TRAVIS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO HOUSING AUTHORITY, an Illinois municipal corporation, <br><br> Defendant. | Case No. 22-cv-3786 |

**PLAINTIFFS' UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT; DESIGNATION OF CLASS REPRESENTATIVES AND APPOINTMENT OF PLAINTIFFS' COUNSEL; AND APPROVAL OF CLASS SETTLEMENT NOTICE**

NOW COME Plaintiffs Josette Oliver, Keona Montgomery, and Taryn Travis, by their attorneys, and, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), move for preliminary approval of a class action settlement in this case. In support of this motion, Plaintiffs state that:

1. Federal Rule of Civil Procedure 23(e) requires court approval of the settlement of an action on a class-wide basis. Preliminary approval of a class settlement efficiently combines with tentative certification of the class and authorization of notice of the settlement to the class.

2. Preliminary approval of a class settlement should be granted if the proposed settlement falls within the range of possible approval, and such approval does not require conducting "a full- fledged inquiry" into whether the proposed settlement meets

final approval standards. *American Int'l Grp. v. ACE INA Holdings, Inc.*, No. 07 C 2898, 2011 WL 3290302, at *6 (N.D. Ill. July 26, 2011); *see In re Nat'l Collegiate Athletic Ass'n Concussion Litig.*, 314 F.R.D. 580, 588 (N.D. Ill. 2016) (to same effect). As discussed further in the Memorandum In Support Of Plaintiffs' Motion For Preliminary Approval Of Class Action Settlement, filed herewith, if class certification is appropriate and the settlement is within the reasonable approval range, then courts order notice sent to class members so they can object or opt out of the settlement. After notice, the court "conducts a final approval hearing to determine whether the settlement is 'fair, reasonable, and adequate.'" *In re Nat'l Collegiate Athletic Ass'n Concussion Litig.*, 314 F.R.D. at 588 (quoting Fed R. Civ. P. 23(e)(2)).

3. Plaintiffs respectfully submit that this proposed settlement should be approved. As explained further in the Memorandum In Support and supporting materials filed with Plaintiffs' Motion For Preliminary Approval Of Class Action Settlement, the proposed settlement provides significant benefits to the Class in comparison with the strength of the case and the risk, expense, and delay associated with litigation, trial, and appeals. Plaintiffs submit the settlement falls well within the reasonable approval range and should be preliminarily approved.

4. Plaintiffs also submit the proposed Settlement Class is appropriate for certification for a settlement. For purposes of settlement, the Class is numerous, has common and typical issues, and is represented by adequate class representatives. The settlement provides substantial procedural modifications to Defendant's hardship exemption program and claims procedures, making certification of the Class appropriate under Fed. R. Civ. P. 23(b)(2). For purposes of settlement, common questions of fact and law predominate

and make a class settlement the superior means of resolving this litigation, qualifying the Class for certification pursuant to Fed. R. Civ. P. 23(b)(3). Accordingly, Plaintiffs request that the Class be conditionally certified so as to authorize notice of the settlement to Class Members.

5. Plaintiffs also submit that Fed. R. Civ. P. 23(c)(1)(B) provides for appointment of Class Counsel under Fed. R. Civ. P. 23(g). The undersigned counsel developed this case, are experienced and knowledgeable in class actions and federal housing law, and have committed substantial time and resources to preparing this case and resolving it. Accordingly, the undersigned counsel should be appointed as Class Counsel. Further, the Named Plaintiffs have served as plaintiffs and should be appointed as class representatives.

6. Plaintiffs also submit that the proposed Class Notice satisfies the requirements imposed by Fed. R. Civ. P. 23(c)(2) and 23(e) and due process, and constitutes the "best notice practicable under the circumstances" of this lawsuit, *see* Fed. R. Civ. P. 23(c)(2)(B).

WHEREFORE, Plaintiffs respectfully move for an order (a draft of which is attached to the memorandum of law filed in support of this motion):

1. Preliminarily approving the class-wide Settlement Agreement negotiated by Plaintiffs and Defendant on these motion papers and without a hearing;

2. Conditionally certifying the proposed class for settlement purposes only;

3. Designating Josette Oliver, Keona Montgomery, and Taryn Travis as Class Representatives and their undersigned attorneys as Class Counsel;

4. Approving the form and manner of class notice as satisfying Fed. R. Civ. P. 23(c)(2) and 23(e) and due process and directing notice of the settlement to Class Members; and

5. Setting a date for a final fairness hearing and approval of the Settlement, for final approval of the application for attorneys' fees and expenses along with deadlines for opting out or objecting to the Settlement; and for any further relief the Court deems just and proper.

WHEREFORE, Plaintiffs request entry of the attached draft order or a similar order.

DATED: July 21, 2022

                                            By:    /s/ Daniel R. Campbell
                                                    One of the Attorneys for Plaintiffs

| | |
|---|---|
| Jeffrey E. Stone | John Bouman |
| Daniel R. Campbell | Lawrence Wood |
| Michael W. Weaver | Daniel Schneider |
| Emilie O'Toole | LEGAL ACTION CHICAGO |
| Dawn Peacock | 120 South LaSalle Street, 9th Floor |
| MCDERMOTT WILL & EMERY | Chicago, Illinois 60603 |
| 444 West Lake Street, Suite 4000 | jbouman@legalactionchicago.org |
| Chicago, Illinois 60606 | lwood@legalactionchicago.org |
| jstone@mwe.com | dschneider@legalactionchicago.org |
| dcampbell@mwe.com | (312) 347 8330 |
| eotoole@mwe.com | |
| dpeacock@mwe.com | Katherine E. Walz |
| mweaver@mwe.com | Marcos Segura |
| (312) 984 2167 | NATIONAL HOUSING LAW PROJECT |
| | 1663 Mission St. Suite 460 |
| | San Francisco, California 94103 |
| | kwalz@nhlp.org |
| | msegura@nhlp.org |
| | (415) 546 7000 ext. 3129 |
| | |
| | Attorneys for Plaintiffs |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused the foregoing Uncontested Motion for Preliminary Approval of a Class Action Settlement; Designation of Class Representatives and Appointment of Plaintiffs' Counsel; and Approval of Class Settlement Notice and supporting documents to be served upon the following persons by the following means:

Chicago Housing Authority
60 East Van Buren Street, 12th Floor
Chicago, Illinois 60605

*Defendant*

With Permission from Defendant, Via Electronic Mail to Counsel for Defendant:

    William T. Eveland
    Saul Ewing Arnstein & Lehr LLP
    161 North Clark, Suite 4200
    Chicago, IL 60601

DATED: July 21, 2022

                                          /s/ Daniel R. Campbell
                                          One of the Attorneys for Plaintiffs